IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE SANDOVAL, on behalf of himself and all persons similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>REDFIN CORPORATION, and DOES 1-10, INCLUSIVE,<br><br>        Defendants. | Case No. 14-4444 SC<br><br>ORDER TRANSFERRING VENUE TO THE CENTRAL DISTRICT OF <u>CALIFORNIA</u> |

## I.    INTRODUCTION

Now before the Court is a stipulation to transfer venue filed by Defendant Redfin Corporation and Plaintiff Maurice Sandoval. ECF No. 20 ("Stip."). Because "the court must evaluate the appropriate factors even though the parties now stipulate to the transfer," the Court reviews whether transfer is appropriate. <u>See</u> <u>Tung Tai Grp. v. Fla. Transformer, Inc.</u>, No. 5:11-cv-02389 EJD(HRL), 2011 WL 3471400, at *2 (N.D. Cal. Aug. 8, 2011) (citing <u>White v. ABCO Eng'g Corp.</u>, 199 F.3d 140, 144 (3d Cir. 1999)). For

the reasons set forth below, the Court finds the transfer of venue to the Central District of California is appropriate, and therefore the stipulation is GRANTED AS MODIFIED by this order.

**II.   BACKGROUND**

This is a putative employment class action alleging various violations of state and federal law arising out of Defendant Redfin's classification of its real estate agents as exempt from overtime wages and other related benefits. The case was originally filed in San Mateo County Superior Court and removed to federal court on the basis of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. Section 1332.

As described in the parties' stipulation, two earlier-filed cases involving the same parties and claims at issue here are pending before Judge Philip S. Gutierrez of the Central District of California. See Goundar v. Redfin Corp., No. 2:13-cv-03698-PSG-MRW (C.D. Cal.); Badivian v. Redfin Corp., No. 2:13-cv-03664-PSG-MRW (C.D. Cal.). After this case was removed, Defendant Redfin Corporation filed a motion for abstention asking the Court to dismiss, transfer, or stay the case pending the resolution of these earlier-filed cases. ECF No. 6. After the case was reassigned to the undersigned, the parties stipulated to transfer the case to the Central District for potential consolidation with Goundar and Badivian, arguing that transfer is appropriate under 28 U.S.C. Section 1404(a).

///
///
///

2

**III. LEGAL STANDARD**

Under 28 U.S.C. Section 1404(a), the Court may "[f]or the convenience of parties and witnesses, in the interests of justice . . . transfer any civil action to any other district . . . where it might have been brought." The Court must undertake an "'individualized, case-by-case consideration of convenience and fairness,'" and determine whether three elements are satisfied: (1) the propriety of venue in the transferor district, (2) whether the action could have been brought in the transferee district, and (3) whether the transfer will serve the interests of justice and convenience of the parties and witnesses. Tung Tai, 2011 WL 3471400, at *1 (quoting Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000)). The Court weighs a series of factors in determining whether the third element is satisfied including plaintiff's choice of forum, the convenience of the parties and witnesses, ease of access to evidence, the familiarity of the potential fora with applicable law, feasibility of consolidation, local interests, and court congestion. Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (citing Royal Queentex Enters. Inc. v. Sara Lee Corp., No. C-99-4787 MJJ, 2000 WL 246599, at *2 (N.D. Cal. Mar. 1, 2000)).

**IV. DISCUSSION**

First, the Court finds that the first two prongs of Section 1404(a) are satisfied because venue is proper in this district, and the case could have been brought in the Central District of California. Because the action was originally filed in San Mateo County Superior Court, the case was properly removed to this court.

3

See 28 U.S.C. § 1441(a) (permitting removal "to the district court of the United States for the district and division embracing the place where such action is pending"). Furthermore, the action could have been brought in the Central District of California because the defendant is subject to personal jurisdiction in California and a substantial part of the events giving rise to Plaintiff's claims took place in the Central District. See 28 U.S.C. § 1391(a), (b)(2)-(3); ECF No. 1-3 ("Compl.") ¶ 2 (noting that the company has locations in San Francisco and Irvine, California).

In addition, the Court finds that transferring the action to the Central District of California will serve the convenience of the parties and witnesses and promote the interests of justice. As other courts have observed, "[a]n important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum." Hawkins v. Gerber Prods. Co., 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013). This is just such a situation, as coordination with the two cases in the Central District presents the opportunity for coordination of discovery, conservation of judicial resources, and the avoidance of inconsistent judgments. This especially true given that the other consolidated actions have been pending in the Central District for more than a year. In short, these interests weigh heavily in favor of transfer.

Furthermore, as Judge Shubb on the Eastern District of California found in transferring a different employment case to the Central District under similar circumstances, "[t]he interests of justice can be decisive." Gatdula v. CRST Int'l, Inc., No. Civ.

1  2:10-58 WBS CMK, 2011 WL 445798, at *3 (E.D. Cal. Feb. 8, 2011).
2  The Court agrees and finds that even though certain other factors
3  (for example Plaintiff's choice of forum) weigh against transfer,
4  the weighty interests of economy and avoidance of inconsistent
5  judgments, as well as the parties' agreement to transfer the
6  action, outweigh any contrary considerations.
7      Accordingly, the Court finds that because venue is proper in
8  this district, the action could have been brought in the Central
9  District of California, and transferring the action to the Central
10 District will serve the interests of justice and convenience of the
11 parties and witnesses, this case satisfies all three prongs of
12 Section 1404(a).

14 **V.**   **CONCLUSION**
15     For the reasons set forth above the Court GRANTS the parties'
16 stipulation AS MODIFIED by this order, and DIRECTS the Clerk to
17 transfer this action to the Central District of California.  In
18 light of this decision, Defendant's pending motion, ECF No. 6 is
19 TERMINATED, and the Case Management Conference scheduled for
20 Friday, January 9, 2015 is VACATED.

22     IT IS SO ORDERED.

24     Dated: January 5, 2014

                                  UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

5